## COLONIAL FINANCE CO v BOARD OF EDUCATION

Ohio Appeals, 9th Dist, Wayne Co

No. 875.   Decided April 30, 1931

Critchfield, McSweeney & Critchfield, of Wooster, and Wheeler, Bentley, Neville & Cory, of Lima, for Colonial Finance Co.

M. F. Graven, Wooster, for Board of Education

WASHBURN, J.

In a recent opinion the Supreme Court has restated its former holdings, to the effect that "An assignment of wages to be earned in the future under an existing employment is valid."

**Public Finance Co. v Rowe, 123 Oh St 206.**

Facts showing a compliance with §6346-7 GC are set forth in the petition and admitted to be true by the demurrer, but it is claimed that the principles announced in the case of **Serrill v Wilder, 77 Oh St 343,** should be applied to the facts alleged in the petition in this case.

In the last-mentioned case the Supreme Court held that an assignment by a public official of his unearned salary was absolutely null and void as being against public policy. No Ohio case has been cited which holds that, so far as this question is concerned, a teacher should be classed as a public official, and there is no act of the legislature so far as we know, which declares the public policy of the state in reference to this matter.

Where the legislature fails to declare the public policy of the state, courts are permitted to declare such public policy in cases brought before them for decision. Where there is no specific decision as to the public policy of the state in reference to a particular subject, such policy may be indicated by the decisions of the Supreme Court of the state, wherein an opportunity was presented to pass upon the question, even though nothing was said on the subject in the opinion of the court.

Such a case is that of **Porter v Dunlap, 17 Oh St 591.** That case involved the assignment by a teacher in the public schools of unearned wages, and eminent counsel urged in their brief that the assignment was against public policy and void, but the Supreme Court reversed the District Court and affirmed the Common Pleas Court, which had held that the assignment was valid and enforceable. The facts are fully stated in the opinion, and there was no dispute in reference to them so far as the question of public policy was concerned; and in view of that decision, if a public policy which the Supreme Court had an opportunity to and did not declare, is to be established in this state, it ought to be done by the Supreme Court of the state.   As the matter now stands, the Supreme Court has indicated that such is not the public policy of the state.

"2.   A court may not declare a contract to be against public policy and void unless

it clearly appears to be so."

**Gross v Campbell, 26 Oh Ap 460.**

Therefore the Common Pleas Court was in error in sustaining the demurrer in this case and in rendering judgment against the plaintiff; and for such error the judgment is reversed and the cause remanded.

PARDEE, PJ, and FUNK, J, concur.